IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FITBIT, INC., | § | |
| | § | No. 22, 2019 |
| Nominal Defendant Below, | § | |
| Appellant, | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | Consol. C.A. No. 2017-0402 |
| BRIGHT AGYAPONG, ANNE | § | |
| BERNSTEIN, and MICHAEL | § | |
| HACKETT, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: January 14, 2019
Decided: January 30, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>ORDER</u>

After considering the notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)    This interlocutory appeal arises from a Court of Chancery opinion, dated December 14, 2018, denying Fitbit, Inc.'s motion to dismiss a consolidated derivative action.[1]  In the derivative action, Fitbit stockholders alleged that members of the Fitbit board of directors and the chief financial officer breached their fiduciary duties by using insider knowledge of faults in a key product to sell Fitbit shares in

---

[1] *In re Fitbit, Inc. S'holder Derivative Litig.*, 2018 WL 6587159 (Del. Ch. Dec. 14, 2018).

initial and secondary public offerings and that other directors breached their fiduciary duties by allowing the sales to occur. The Court of Chancery held that the complaint adequately pled demand futility and stated viable claims.

(2) On December 24, 2018, Fitbit filed an application for certification of an interlocutory appeal. Fitbit argued that the opinion decided a substantial issue of material importance, the opinion conflicted with other trial court decisions on whether the core operations inference of scienter applies in the context of Court of Chancery Rule 23.1, the opinion involved a question of law—whether outside directors who did not sell shares personally could be held liable under *Brophy* for sales by funds they were affiliated with—resolved for the first time in Delaware, and review could terminate the litigation and serve the considerations of justice. The appellees opposed the application.

(3) On January 14, 2019, the Court of Chancery refused to certify the application for certification.[2] Applying the Rule 42 criteria, the Court of Chancery concluded that the opinion did not decide a substantial issue of material importance that merited appellate review before final judgment. The Court of Chancery found that the opinion did not conflict with existing decisions because the core operations doctrine was not, contrary to Fitbit's contention, the sole basis for the inference of scienter. Other facts supporting the reasonable inference of scienter included the

---

[2] *In re Fitbit Inc. S'holder Derivative Litig.*, 2019 WL 190933 (Del. Jan. 14, 2019).

2

nature, timing, and size of the offerings, the board's selective waiver of lock-up agreements, and the board's decision to lower Fitbit's allocation in the offerings, which led to more of the defendants' shares being sold. The Court of Chancery also found that the opinion did not address a novel question of law because it was not novel or controversial under Delaware law to conclude that a fiduciary cannot avoid *Brophy* liability by sharing inside information with a fund that he controls so that the fund can trade on the inside information. Under these circumstances, the Court of Chancery concluded that the likely benefits of interlocutory review would not outweigh the probable costs, such that interlocutory review would be in the interests of justice.

(4)    Applications for interlocutory review are addressed to the sound discretion of the Court.[3] We agree with the Court of Chancery's thoughtful analysis of the application for certification and conclude that the application does not meet the strict standards for certification under Rule 42.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] Supr. Ct. R. 42(d)(v).